# ANNE ARUNDEL COUNTY BAR ASSOCIATION, INC. *v.* COLLINS

[Misc. Docket (Subtitle BV) No. 1, September Term, 1973.]

*Decided October 9, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*William A. Franch,* with whom were *Joseph P. Manck* and *Goldsborough& Franch* on the brief, for John Sellers Collins.

*Ronald A. Baradel,* with whom was *Roy D. Cromwell* on the brief, for Anne Arundel County Bar Association, Inc.

LEVINE, J., delivered the opinion of the Court.

This disciplinary proceeding was instituted on March 1, 1973, when the Anne Arundel County Bar Association, Inc. (the Bar Association) filed a petition in this Court against respondent, John Sellers Collins. Two charges were lodged against him, which dealt essentially with allegations that in his position as attorney for the Board of License Commissioners, he had bribed two members of that board in order to influence their decisions regarding two applications for alcoholic beverage licenses.

Pursuant to Maryland Rule BV3, this Court passed an order directing that the charges be transmitted to the Circuit Court for Anne Arundel County to be heard and determined by a panel of three judges of the Fifth Judicial Circuit. After extensive proceedings in that court, the panel, which ultimately concluded the matter, recommended that respondent be disbarred from the practice of law in this state. He then filed timely exceptions in this Court to that recommendation.

On May 9, 1969, the Grand Jury for Anne Arundel County returned five indictments containing nine counts charging respondent with criminal offenses related to violations of the Maryland bribery laws. The charges were removed to the Circuit Court for Washington County, and came on for trial before that court on June 22, 1970. Respondent was found guilty on all counts and received concurrent two-year sentences. His conviction was reversed by the Court of Special Appeals in *Collins v. State,* 12 Md. App. 239, 278 A. 2d 311 (1971), on the ground that the State's taking of the deposition of one of the Board members, David L. Sullivan, on July 19, 1969, in the absence of respondent, "violated . . . his [respondent's] right to be confronted with Sullivan, who was a witness against him, as guaranteed by the federal and State constitutions." 12 Md. App. at 250.

We granted the State's petition for Writ of Certiorari and affirmed the judgment of the Court of Special Appeals in *State v. Collins,* 265 Md. 70, 288 A. 2d 163 (1972). In an opinion written for this Court by Judge Digges, we held the failure to comply with the requirements of Rules 727 and 775, that the accused "be present at the taking of a deposition" taken "at the instance of the prosecution," to be of constitutional dimension under the Sixth and Fourteenth Amendments to the Federal Constitution and Article 21 of the Maryland Declaration of Rights; and that the constitutional right of the accused to be confronted by the witness had not been waived.[1]

Following our decision, the Bar Association elected to initiate disciplinary proceedings. Previously, on June 24, 1970, the day following respondent's conviction, a meeting of the Executive Committee of the Bar Association had been held to consider the commencement of disciplinary proceedings against respondent. What followed was an agreement between the parties whereby the charges were to be withheld pending review of the conviction by the Court of Special Appeals in exchange for respondent's self-imposed

---

1. Although the case was remanded for a new trial, the State apparently determined that it could not proceed without the Sullivan deposition.

suspension from the practice of law. He also indicated that in the event he was unsuccessful on appeal, he would tender his resignation from the Bar pursuant to Rule BV6.

In excepting to the recommendation of disbarment, respondent raises these contentions, all of which were also considered by the panel:

1. That the disciplinary proceedings are barred by limitations and laches.

2. That under the Maryland Rules of Procedure, the deposition of David L. Sullivan — which had been the basis for reversal of the criminal conviction — should not have been admitted in evidence before the panel.

3. That the deposition should have been suppressed on constitutional grounds because it violated respondent's right to be confronted by his accuser.

4. That the panel should have disqualified itself.

We find it unnecessary to consider the third question.

### (1) (a)

In contending that these proceedings are barred by limitations and laches, respondent observes that despite his indictment by the Grand Jury on May 9, 1969, the Bar Association did not actually file its petition in this Court until March 1, 1973. During that interval, the following events ensued: On June 23, 1970, he was convicted; on the following day — June 24 — the meeting was held which resulted in his voluntarily imposed suspension; on June 9, 1971, the Court of Special Appeals reversed the conviction; on March 15, 1972, that decision was affirmed by this Court, which resulted in the issuance of the mandate thirty days later; and on November 21, 1972, the Executive Committee of the Bar Association voted to initiate these proceedings.

In asserting limitations, respondent advances a twofold contention. First, he argues that the general three-year

period of limitations set forth in Maryland Code (1957, 1972 Repl. Vol.) Art. 57, § 1 applies; and since the cause of action accrued on May 9, 1969 — the date of the indictment — more than three years elapsed before the petition was filed on March 1, 1973. Secondly, he relies on Code (1957, 1968 Repl. Vol.) Art. 10, §§ 12 and 13, claiming that the Bar Association was required "to prosecute the charges" not "more than sixty days from the date" of a court order directing it to do so.[2] There is no merit in either contention.

Although it does not appear that we have considered the question previously, courts elsewhere have uniformly held that disciplinary proceedings against attorneys are not barred by a general statute of limitations, *In Re Heinze,* 47 N.W.2d 123, 125 (Minn. 1951); *In Re Woodward,* 300 S.W.2d 385, 387 (Mo. 1957); *State v. Bates,* 162 Neb. 652, 77 N.W.2d 302, 304 (1956); *In Re Wright,* 310 A. 2d 1, 9 (Vt. 1973); *see In Re Ratner,* 194 Kan. 362, 399 P. 2d 865, 873 (1965); *Harrison v. Commonwealth,* 305 Ky. 379, 204 S.W.2d 221, 222 (1947). This is so primarily because a disciplinary proceeding is neither an action at law, *Maryland St. Bar Ass'n v. Boone,* 255 Md. 420, 430, 258 A. 2d 438 (1969); *Braverman v. Bar Ass'n of Balto.,* 209 Md. 328, 121 A. 2d 473 (1956), *cert. denied,* 352 U. S. 830, 77 S. Ct. 44, 1 L.Ed.2d 51 (1956); nor a criminal prosecution, *Balliet v. Balto. Co. Bar Ass'n,* 259 Md. 474, 478, 270 A. 2d 465 (1970); *Braverman v. Bar Ass'n of Balto., supra,* at 348. In *Braverman, supra,* we said:

"The action of a court in exercising its power to

2. In relevant part, § 12 provides:

". . . Whenever a judge of any of the several courts of this State shall have reasonable ground to believe that any attorney admitted to the practice of law . . . is guilty of professional misconduct . . . [or] crime involving moral turpitude . . . he shall issue an order directed to the bar association and/or State's attorney of the city or county . . . requiring said bar association and/or State's attorney to prosecute the charges named in said order on a day specified therein, which day shall not be less than fifteen nor more than sixty days from the date of said order . . . ."

Section 13 provides that where charges are brought by any bar association ". . . such proceedings shall be had as if said charges had been filed by the court and specified in the order directing the prosecution thereof, referred to in § 12 of this article. . . ."

disbar or suspend an attorney is judicial in character, but the inquiry is in the nature of an investigation by the court into the conduct of one of its own officers, and is not the trial of an action at law, as the order which is entered is only an exercise of the disciplinary jurisdiction which a court has over its officers. . . ." 209 Md. at 336.

We hold that the general period of limitations prescribed by Art. 57, § 1 does not apply to disciplinary proceedings brought against members of the Bar.

The contention that this proceeding was not brought within the sixty-day period specified in Art. 10, § 12 is equally without merit. We have just rejected precisely the same argument in *Maryland State Bar Association, Inc. v. Robert Harry Frank*, 272 Md. 528, 325 A. 2d 718 (1974), where, after noting our prior disposition of the identical question in *Balliet, supra,* we held that the sixty-day time limitation is directory, not mandatory. That holding is dispositive here, and, therefore, compels a rejection of respondent's contention.

### (1) (b)

For his defense of laches, respondent relies chiefly upon two Florida cases: *The Florida Bar v. Randolph,* 238 So. 2d 635 (Fla. 1970) and *The Florida Bar v. Wagner,* 197 So. 2d 823 (Fla. 1967). Neither is apposite, primarily because, unlike this case, they did not arise out of criminal charges. In this connection, it is interesting to note that in a Florida case not cited by respondent — where commencement of the disciplinary proceedings was deferred pending appellate review of criminal charges — the Florida Supreme Court observed that deferment in such circumstances was the course recommended by a special committee of the American Bar Association chaired by Mr. Justice Tom C. Clark. *The Florida Bar v. Craig,* 238 So. 2d 78 (Fla. 1970). In any event, respondent has cited no cases in which disciplinary proceedings against an attorney have been dismissed upon the ground of laches.

What the Supreme Court of Oregon said regarding the defense of laches in *In Re Weinstein*, 459 P. 2d 548 (Ore. 1969), *cert. denied*, 398 U. S. 903, 90 S. Ct. 1689, 26 L.Ed.2d 61 (1970), where it was held that a bar association delay of twenty-seven months did not justify dismissal, is instructive here:

> "It is unnecessary to define in this case the proper remedy for vexatious and unreasonable delay on the part of the Bar. None has been shown in this case. It ought to be made clear, however, that *the primary purpose of professional disciplinary proceedings is to protect the public.* The punishment of an offending member of the profession is indeed a serious matter, but it is incidental to the protection of the public. If the conduct of a member of the Bar disqualifies him from the practice of law, *it would not be in the public interest to dismiss the disciplinary proceedings for no reason other than the Bar's failure to prosecute them with the proper dispatch.*" 459 P. 2d at 549 (emphasis added).

Basic to the defense of laches is the need to show some disadvantage or prejudice to the party asserting it. There must be either prejudice or circumstances making it inequitable to grant the relief sought, *Arundel Supply Corp. v. Cason*, 265 Md. 371, 376, 289 A. 2d 585 (1972). We perceive no disadvantage or prejudice to respondent arising out of the delay here. Somewhat to the contrary, in his letter of July 3, 1970, agreeing to the self-imposed suspension, he wrote:

> ". . . it is my opinion that disciplinary proceedings at this time [are] premature if the sole question of professional conduct be that of my conviction of the crime of bribery until there has been a final Appeal from said conviction. . . .
>
> "It is believed that a disciplinary proceeding pending my Appeal of Criminal charges would provoke considerable notoriety and could possibly be seriously prejudicial to my Appeal. I do not wish

to be forced to defend myself at this time, whether or not the charges are meritorious.

"Therefore, it is with the understanding that charges will not be filed against me for professional misconduct pending the prosecution of my Appeal to the Court of Special Appeals, I agree to voluntarily suspend the practice of law as of August 1, 1970 . . . ."

The delay of less than one year between the issuance of the mandate following our decision and the commencement of these proceedings can hardly be characterized as unreasonable or vexatious. More to the point, respondent has produced no evidence of "disadvantage or prejudice" which he claims to have suffered because of that delay. Hence, he has failed to sustain the defense of laches — assuming without deciding its applicability to disciplinary proceedings — and the panel was correct in refusing to dismiss the petition upon that ground.

(2)

It is unnecessary for us to summarize extensively the circumstances under which the witness, David L. Sullivan, one of the two board members whom respondent was charged with bribing, was deposed. Detailed accounts of those facts may be found in *Collins v. State* and *State v. Collins, both supra.* Suffice it to say that the deposition was taken by the State to perpetuate the witness's testimony for use as evidence in the criminal trial against respondent; and that the latter did not have notice that the deposition was to be taken, and consequently was not present during the interrogation. His attorney, however, did attend and cross examine the witness. As we have already noted, the deposition was nevertheless admitted in evidence and was the basis for reversal of respondent's conviction by the Court of Special Appeals and the affirmance of that decision by this Court.

Anticipating respondent's objection in these proceedings, the Bar Association filed a motion for a pretrial decision admitting the deposition. After fully considering re-

spondent's arguments for suppressing the testimony, both constitutional and procedural, the panel granted the Bar Association's motion. As we have indicated, it is unnecessary to reach the constitutional issue, since we think the deposition was improperly admitted under the Maryland Rules of Procedure. As we shall note, however, the question to be decided here is controlled to a significant extent by *State v. Collins, supra,* even though it was bottomed on constitutional grounds.

At the outset, we should note that under Rule BV4 a, chapter 400 of the Maryland Rules of Procedure — which governs the taking of depositions and discovery generally in civil cases — is expressly made applicable to disciplinary proceedings. The parties recognize that the use of a deposition taken in a previous action is governed by Rule 413 a 5 which, in relevant part, provides:

> ". . . [W]hen an action in any court of this State or of any other state or of the United States has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions *lawfully taken in the former action* may be used in the latter as if originally taken therefor." (emphasis added).

Whether the deposition here was "lawfully taken" within the meaning of this Rule is the determinative question to be decided here. Although this subsection of the Rules is virtually a carbon copy of the language contained in Rule 32 of the Federal Rules of Civil Procedure, it is interesting to note that the words "lawfully taken" do not appear to have been the subject of any prior federal decision.

The Bar Association maintains that whether the deposition was "lawfully taken" should be determined by criteria made expressly applicable to these proceedings rather than those applied to criminal cases. Otherwise, it says, the effect would be that rules restricted to criminal cases would be extended to disciplinary proceedings contrary to Rule BV4. We do not agree with this narrow interpretation of Rule 413 a 5.

We think that the words "in the former action" circumscribe "lawfully taken." Hence, the words mean precisely what they say: that the deposition must have been "lawfully taken in the former [criminal] action" if it is to be used in a subsequent case under Rule 413 a 5. Otherwise stated, whether the deposition was "lawfully taken" is to be determined by the rules governing the "former action."

That the deposition in question here was not "lawfully taken in the former [criminal] action" can hardly be open to question. In this regard, *State v. Collins, supra*, is controlling. We flatly held there "that the admission of the deposition violated [respondent's] constitutional rights," saying:

> ". . . Article 21 of the Maryland Declaration of Rights guarantees a defendant in a criminal prosecution the right 'to be confronted with the witnesses against him.' This fundamental safeguard is also secured by the Sixth Amendment of the Federal Constitution which was made applicable to the states through the Fourteenth Amendment. . . ."

Apart from being admitted in violation of respondent's constitutional rights, the deposition failed to comply with Rule 727 b which provides that if ". . . a deposition is to be taken at the instance of the State, the accused shall have the right to be present at the taking thereof . . ."; and Rule 775 which contains virtually the identical language. It cannot be seriously contended that a deposition taken in such flagrant violation of procedural requirements, let alone so inviolable a right as the constitutional guarantee of confrontation, was "lawfully taken." We are not to be understood, however, as holding that the constitutional right of confrontation applies in disciplinary proceedings, having carefully refrained from reaching that question.

(3)

The contention that the panel should have disqualified itself stems from the belated disclosure that one of the three

judges originally appointed had signed "several" orders in the early stages of the criminal case. Although he understandably had long-since forgotten his minimal participation in that case, and could not possibly have been influenced thereby, he withdrew from the panel and was replaced by another judge. Notwithstanding the assurances of all three members of the original panel that there had been no discussion among them in any way related to the limited participation in the criminal case by one of them, respondent urges that the two remaining members also should have disqualified themselves. We think this contention is patently frivolous and merits no further consideration.

Since the deposition was improperly admitted in evidence, we shall remand this case for further proceedings not inconsistent with this opinion. These proceedings may include such additional evidence as the parties shall choose to present. Thereafter, the panel shall make its recommendation upon the evidence properly before it.

*It is so ordered.*