## THE PRINCE GEORGE'S COUNTY BAR ASSOCIATION, INC. v. BLANCHARD

[Misc. Docket (Subtitle BV) No. 2, September Term, 1975.]

*Decided October 10, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Edward P. Camus,* with whom were *James E. Fannon* and *Darlene G. Perry* on the petition, for the Bar Association.

*Joseph A. DePaul* for Elmer Francis Blanchard.

PER CURIAM ORDER.

The Court having considered the opinion and recommendation of the panel of Judges that Elmer Francis Blanchard be reprimanded, the exceptions to the recommendation filed by the Bar Association, the exceptions filed by the respondent to the refusal of the panel to grant his motion to dismiss the charges on the grounds of laches and of a denial of due process, the answers thereto and arguments of counsel, it is, this 10th day of October, 1975,

*ORDERED*, by the Court of Appeals of Maryland, that the exceptions filed by the respondent to the refusal of the panel to grant his motion to dismiss being without merit, are hereby overruled; *see Anne Arundel Co. Bar Ass'n v. Collins*, 272 Md. 578, 325 A. 2d 724 (1974); and it is further

*ORDERED*, that the recommendation of the panel be, and it is hereby, adopted, and it is further

*ORDERED*, that Elmer Francis Blanchard be, and he is hereby, reprimanded.

## OPINION AND ORDER OF PANEL

This case comes before the Court sitting as a three judge panel pursuant to Rules under the BV section of Maryland Rules of Procedure. The panel is to make factual finding with recommendation on said facts to the Court of Appeals of Maryland, the tribunal which finally acts in disciplinary matters.

Mr. Blanchard is charged with conduct which constitutes a violation of Canon 1, Disciplinary Rule 1-102A (4) in that the respondent has engaged in conduct involving dishonesty, fraud, deceit and misrepresentation. Other than testimony on character and integrity offered by the respondent in his defense, all of the testimony presented by the bar association consisted of reading answers to certain interrogatories propounded to Mr. Blanchard and the reading of portions of a deposition of the respondent. In the

nature of cross examination, the defense read other portions of this same deposition. Thus all of the testimony concerning the charges against Mr. Blanchard consists of Mr. Blanchard's own statements as to what he did and why.

Mr. Blanchard is a member of the Maryland Bar practicing law in Prince George's County with a specialty in real estate title and settlement work. It is in connection with this real estate settlement work that the alleged improper conduct arose. The sum of this alleged improper conduct is that during the period extending from April or May of 1969 until January of 1972, Mr. Blanchard handled approximately 1,826 cases in which charges were made for survey work done by one Roger Vales out of which Mr. Blanchard remitted to Mr. Vales about $17,090.00 less than Mr. Blanchard had charged his various clients in these 1,826 cases. It appears that on the settlement sheet, Mr. Blanchard listed a survey charge of $55.00, but instead of paying this full $55.00 to Mr. Vales for which Mr. Vales had submitted a bill, Mr. Blanchard would only pay Mr. Vales $45.00. There is nothing in the record to show the bill was ever shown to the client. In some cases instead of holding back $10.00 there would be instances when only $5.00 was retained. In any event, there was no disclosure made to the client at settlement that any portion of this "survey" charge was not being paid to the surveyor.

Notwithstanding the fact there was no disclosure of this so-called rebate, the $55.00 survey charge which Mr. Blanchard made was apparently $5.00 less than the customary charge being made by other surveyors.

All of this developed in 1969 when Mr. Blanchard being in need of a surveyor to expeditiously make house location surveys for his settlements came into contact with Mr. Vales who was a Cuban immigrant qualified to do survey work, but who was not fully familiar with Maryland practice and requirements in making house locations. Mr. Vales was looking for a volume of work for income, but did not want to give other surveyors the impression he was cutting prices, and therefore submitted bills to Mr. Blanchard for the full $55.00.

The testimony presented to the panel indicates that Blanchard and Vales accordingly, entered into an agreement whereby Blanchard would give all of his house location work to Vales and which Vales would expedite, render a bill of $55.00, but would receive only $45.00 as payment for his work. Blanchard agreed to furnish Mr. Vales with copies of plats, rights of ways and other assistance so that Mr. Vales would be in a position to furnish the required plats in accordance with Maryland practice. As a result of these services rendered by Blanchard or his employees, Mr. Vales would naturally not only save time and be able to complete his plats more expeditiously, but also would be able to save money or his own time in not having to do his own research and obtaining subdivision plats and information on rights of way and other necessary items required in house location surveys.

At first glance this would appear to be an arrangement beneficial to all parties in that Blanchard would get quick house location service, Mr. Vales would have a good survey practice receiving fair compensation for his work in view of assistance given by Mr. Blanchard; and the client would really receive a discounted survey charge of $5.00 less than the going rate.

We were also told that Mr. Blanchard assumed full responsibility to the client for the survey. However, notwithstanding this fact, if there has been an error in the survey, we are sure that a claim would or could be made against Mr. Vales based on his certification. This, however, does not really appear to be of any great significance in this matter. As to the $17,090.00 held back by Mr. Blanchard, he contends he actually lost money on the services given Vales. There is also evidence that Mr. Blanchard gave Mr. Vales $4,500.00 on cancelled cases.

Notwithstanding all of these rationalizations, the fact remains that insofar as the client and Mr. Blanchard were concerned, the client would have to conclude from the "survey" charge item shown on the settlement sheet that a surveyor was being paid $55.00 for his work; and the client would have no reason to know or expect that $10.00 of this was being retained by his attorney.

In conclusion, we find there was a failure to disclose the full picture to the client. The survey charge would appear as a representation to the client which was really not true.

This practice can not be condoned by the Court, and regardless of what benefits the client may have received in a reduced fee, speedier service or even the additional protection of liability on the part of Mr. Blanchard, the professional conduct of an attorney should not be reduced to this type of rebate without advising the client.

We strongly feel and recommend that disbarment or suspension would be too severe, but certainly such practices should be stopped and conclude the respondent should be reprimanded. It is therefore this 15th day of July, 1975, by the Circuit Court for Prince George's County, Maryland,

*ORDERED*, that a copy of this opinion and recommendation be mailed by the Clerk of this Court to the Maryland Court of Appeals in compliance with Rule BV 11 of the Maryland Rules of Procedure.