Edward M. O’Gorman, J.
The trial of the above actions resulted in a jury verdict for the plaintiff against the defendants Loco Contracting Corp. and John S. Evans, doing business as John S. Evans & Son. The judgment against the defendant Evans was reversed by the Appellate Division, and the judgment against the defendant Loco Contracting Corp. was modified (47 AD2d 637). An appeal from this determination is now pending before the Court of Appeals.
The defendant Loco Contracting Corp. has now moved, pursuant to CPLR 3101 (subd [f]), to compel compliance with a notice seeking discovery of the contents of the insurance coverage of John S. Evans & Son, John S. Evans and John N. Evans. The motion is opposed on the ground that CPLR 3101 (subd [f]), recently enacted (L 1975, ch 668, § 1), is not retroactive; that it applies only to pretrial proceedings, and that, in any event, such an application should be made to the court in which the appeal is now pending.
*324 There are no cases dealing with the construction of CPLR 3101 (subd [f]) or rule 26 (subd [b], par [2]) of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix, rule 26, subd [b], par [2]), of which 3101 (subd [f]) is a counterpart, which have been brought to the attention of the court, nor has the court found any which would furnish controlling precedents in the determination of these issues.
The application of the defendant has been made to the proper court. CPLR 3102 (subd [d]) provides for application to the trial court in order to obtain the disclosure relief provided by CPLR article 31.
There is nothing in the language of 3101 (subd [f]) which limits the relief available to a particular time or stage of the proceedings. The phrase "judgment may be entered” applies equally to judgments which may be entered in the future as well as to judgments which may already be entered. CPLR 3101 (subd [f]), being procedural, should, in the absence of a direction to the contrary, be given a retroactive as well as prospective application if possible (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 55).
The courts have decided, prior to the adoption of 3101 (subd [f]), that the disclosure of insurance coverage was not in accord with the principles underlying the disclosure statute (see Mosca v Pensky, 42 AD2d 708).
The Legislature enacted CPLR 3101 (subd [f]) so that the salutary policy embraced in this provision of the statute could be freed from the limitations on the availability of disclosure remedies imposed by the statute under its former provisions. The intention was to provide litigants with a useful tool to facilitate the settlement of their pending actions (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101:47). It would seem, therefore, that the general limitations on disclosure devices, which limit their availability to applications made either pretrial or during trial, should not restrict the scope of CPLR 3101 (subd [f]), since that subdivision was enacted to overcome these limitations. CPLR 3101 (subd [f]) should be liberally construed and should be available so long as there remains the prospect of facilitating the settlement of a pending action by the disclosure it provides.
The application will be granted.