Richard D. Rosenbloom, J.
This motion is brought by respondent pursuant to CPLR 3120 for an order permitting him to inspect the contents of a safe deposit box bearing petitioner’s name.
In 1974, petitioner commenced, a support proceeding against respondent pursuant to article 4 of the Family Court Act. Following lengthy hearings, an order was granted by former Family Court Judge Elizabeth W. Pine, entered on December 31, 1976, requiring respondent to pay support for petitioner and one child of the parties. An appeal taken by respondent to the Appellate Division, Fourth Department, is still pending.
Respondent contends that he should be permitted to inspect the safe deposit box which he recently learned of on the grounds that its contents may disprove petitioner’s testimony at the hearing that she had no assets other than a small bank account. He claims that the contents of the safe deposit box may have altered the outcome of the proceeding as to support and counsel fees.
Petitioner objects to the granting of the motion on the grounds that respondent is not entitled to be relieved from the terms of the order by reason of newly discovered evidence and that there is no proceeding pending.
The question of whether respondent may be relieved from the order of support under CPLR 5015 (subd [a], par 2) or CPLR 4404 is not before the court at this time. Respondent has only requested the inspection to determine whether any further proceedings would be appropriate. Respondent’s position is similar to that of a person who seeks disclosure before an action is commenced in accordance with CPLR 3102 (subd [c]) to aid in bringing an action. Accordingly, this decision is limited to the issue of whether or not respondent is entitled to the requested inspection.
*327 Since the method of procedure is not prescribed by the Family Court Act, the provisions of the CPLR should be applied (Family Ct Act, § 165). CPLR 3120 permits inspection of a "thing” in the control of a party "[a]fter commencement of an action.” CPLR 3102 (subd [d]) provides that disclosure (including discovery and inspection of property) may be obtained by order "during and after trial.”
In Feinerman v Feinerman (135 NYS2d 564, affd 285 App Div 1048), a mother was allowed an examination of a father’s employer following the conclusion of a divorce proceeding on the ground that she intended to apply for an increase in support. In his Practice Commentaries to CPLR 3102 (McKinney’s Cons Laws of NY, Book 7B, p 268), referring to CPLR 3102 (subd [d]), Professor David D. Siegel states: "Disclosure can conceivably become relevant while a case is on appeal. This subdivision would enable disclosure to be ordered in that instance, too. If sought at such a stage and the trial judge is not available, it would seem to be permissible for the application to be made to a motion part of the court. Excellent reasons, of course, would have to be shown to justify disclosure at such a belated stage of the litigation.” In Monell v International Business Machs. Corp. (85 Misc 2d 323), inspection of an insurance policy pursuant to CPLR 3101 (subd [f]) was permitted while the action was on appeal to the Court of Appeals.
Respondent’s obligation to support petitioner is a continuing one. This court has continuing jurisdiction over support proceedings pursuant to the provisions of section 451 of the Family Court Act. The contents of a safe deposit box may very well be material and necessary to the issues of the reasonableness of the order for petitioner’s support and the award of counsel fees, which are among the questions submitted to the Appellate Division for review.
Respondent is entitled to inspect the safe deposit box in the name of petitioner Lucy Lanzatella, its contents and bank records pertaining thereto at the Long Ridge Branch of the Lincoln First Bank of Rochester. This inspection shall be conducted jointly by the attorneys for petitioner and respondent forthwith. If the inspection cannot be accomplished by the attorneys, they may apply to the court for the appointment of a referee or other mode of supervision. The order dated April 20, 1977 restraining access to the safe deposit box *328 in question is extended until May 26, 1977, at which time it will expire.