ARTHUR E. COCCO ᴇᴛ ᴀʟ. *v.* MARYLAND
COMMISSION ON MEDICAL
DISCIPLINE

[No. 481, September Term, 1977.]

*Decided April 12, 1978.*

The cause was argued before MORTON, DAVIDSON and MELVIN, JJ.

*John F. Fader, II,* for appellants Arthur E. Cocco and Frank W. Baker, Jr. *James D. Johnson,* with whom was *Sheldon H. Braiterman* on the brief, for appellant, the Unnamed Physician.

*Jack C. Tranter, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

The Commission on Medical Discipline of Maryland (the Disciplinary Commission), part of the Department of Health and Mental Hygiene, is authorized, among other things, to discipline a physician for unprofessional conduct by revoking or suspending the physician's license.[1] The Disciplinary Commission is also authorized to

> "issue subpoenas and administer oaths in connection with any investigation, hearing, or proceeding under this section."[2]

Certain medical review committees, composed of members of the medical staff of a hospital, also may discipline a physician for unprofessional conduct by limiting or terminating the physician's staff privileges.[3]

---

1. Md. Ann. Code, art. 43, § 130 (1971 & Cum. Supp. 1977) provides in pertinent part:

> "(a) . . . The Commission on Medical Discipline of Maryland is hereby established as part of the Department of Health and Mental Hygiene.
> * * *
> "(h) *Powers of Commission; unprofessional conduct.* — When the Commission has completed its investigation according to the process outlined herein, it may reprimand a physician or place him on probation, revoke or suspend his license, or dismiss the charges against the physician. . . ."

2. Md. Ann. Code, art. 43, § 130 (i) (1971).
3. Md. Ann. Code, art. 43, § 134A (b) (3) & (c) (4) (Cum. Supp. 1977); *see* art. 43, § 130A (a) (1) (Cum. Supp. 1977).

On 19 March 1975, the Medical Executive Committee of St. Joseph's Hospital (the Hospital Review Committee) [4] held a hearing "to evaluate the qualifications, competence and performance" of the appellant Unnamed Physician.[5] The hearing was not concluded and no decision was made.

On 11 October 1976, the appellee, the Disciplinary Commission, in the course of an investigation of a complaint about the medical practices of the Unnamed Physician, issued subpoenas duces tecum to appellant Arthur E. Cocco, M.D., and appellant Frank W. Baker, Jr., M.D., among others.[6] The subpoenas required them "to appear" and "to present records of the [Hospital Review Committee] of St. Joseph's Hospital pertinent to the privileges and practice of [the Unnamed Physician] at St. Joseph's Hospital." The doctors refused to comply.

In the Circuit Court for Baltimore County, the Disciplinary Commission filed a petition for enforcement of its subpoenas. In an answer and motion to quash, the doctors asserted that the proceedings and records of the Hospital Review Committee were "privileged and confidential," "neither

---

4. The Hospital Review Committee, composed of hospital staff members, is a "medical review committee" which may discipline a physician for unprofessional conduct by limiting or terminating the physician's staff privileges.

5. Md. Ann. Code, art. 43, § 130 (g) (1) (Cum. Supp. 1977) provides in pertinent part:

> "All investigations, reports, and recommendations shall be considered confidential until such time as a final action is taken by the Commission."

Accordingly, a physician under investigation remains anonymous until there is final Disciplinary Commission action.

6. Md. Ann. Code, art. 43, § 130 (g) (1) (Cum. Supp. 1977) provides in pertinent part:

> "The Commission shall refer any cases coming to its attention to the appropriate local county society or committee of the Medical and Chirurgical Faculty of the State of Maryland, for investigation and report.... The report shall contain recommendations the investigation reveals may be necessary for adequate disciplinary procedures. The recommendations shall then be considered by the Commission, which shall take whatever action it deems appropriate, as provided herein."

The Disciplinary Commission asserted that it had referred the instant complaint to the Baltimore City Medical Society which requested the issuance of the subpoenas.

discoverable nor admissible into evidence," and "otherwise insulated and not available to the Commission." The Unnamed Physician intervened, asserting that art. 43, § 130 [7] is vague, contradictory and uncertain and that therefore enforcement of the subpoenas would violate due process.[8]

In determining whether to enforce the subpoenas, Judge H. Kemp MacDaniel considered only one of these contentions. Article 43, § 134A (d) [9] provides in pertinent part:

> "The proceedings, records, and files of a medical review committee are neither discoverable nor admissible into evidence *in any civil action* arising out of matters which are being reviewed and evaluated by the committee." (Emphasis added.)

The trial judge decided that a disciplinary proceeding before the Disciplinary Commission is not a "civil action." On 5 May 1977, he entered an order enforcing the subpoenas. This appeal is from that order.

Maryland courts have recognized that disciplinary proceedings against a professional have the unique purpose of protecting the public from the results of a professional's improper conduct, incompetence or unscrupulous practices.[10] They have consistently differentiated such proceedings from civil and criminal proceedings. They have stated that such a proceeding is "neither civil nor criminal in nature" [11] and, more specifically, is not an "action at law" [12] or a "prosecution" or "suit." [13] These courts have consistently declined to extend to judges, lawyers, and real estate brokers

---

7. Md. Ann. Code, art. 43, § 130 (1971 & Cum. Supp. 1977).
8. U.S. Const. amend. XIV, § 1.
9. Md. Ann. Code, art. 43, § 134A (d) (Cum. Supp. 1977).
10. Maryland State Bar Ass'n v. Sugarman, 273 Md. 306, 315-18, 329 A. 2d 1, 7 (1974), *cert. denied*, 420 U. S. 974 (1975); Maryland State Bar Ass'n v. Frank, 272 Md. 528, 533, 325 A. 2d 718, 720 (1974); Braverman v. Bar Ass'n of Baltimore, 209 Md. 328, 348-49, 121 A. 2d 473, 477 (1956); Nelson v. Real Estate Comm'n, 35 Md. App. 334, 339, 370 A. 2d 608, 613 (1977).
11. *In re* Diener, 268 Md. 659, 670, 304 A. 2d 587, 594 (1973), *cert. denied*, 415 U. S. 989 (1974); Nelson v. Real Estate Comm'n, 35 Md. App. at 341, 370 A. 2d at 613.
12. Anne Arundel County Bar Ass'n v. Collins, 272 Md. 578, 582, 325 A. 2d 724, 727 (1974); Braverman v. Bar Ass'n of Baltimore, 209 Md. at 336, 121 A. 2d at 477.
13. Nelson v. Real Estate Comm'n, 35 Md. App. at 341, 370 A. 2d at 613.

under investigation in professional disciplinary proceedings protections available to civil and criminal defendants in court proceedings.[14] Courts in other states have similarly declined to extend such protections to physicians under investigation in disciplinary proceedings.[15]

We see no difference between protecting the public from improper, unscrupulous or incompetent practices by judges, attorneys, and real estate brokers and the same type of practices by physicians. Nor are we persuaded by considerations of policy to extend to physician disciplinary proceedings, which protect the rights of the public, the same limitations on discovery applicable in civil proceedings, which enforce private rights.

We agree with the trial court that a disciplinary proceeding before the Disciplinary Commission is not a civil action. Accordingly, art. 43, § 134A (d) does not preclude the Disciplinary Commission from issuing a subpoena for the proceedings, records and files of the Hospital Review Committee.[16] We shall not, however, affirm.

An appellate court must decide a case according to existing laws even though the trial court's judgment, which was

---

**14.** *See, e.g.,* Maryland State Bar Ass'n v. Sugarman, 273 Md. at 318-19, 329 A. 2d at 6 (attorney's testimony, given after a grant of immunity, may not be used against him in criminal cases but may be used against him in disciplinary proceedings); Anne Arundel County Bar Ass'n v. Collins, 272 Md. at 582, 325 A. 2d at 727 (general statute of limitations barring civil actions not bar to disciplinary proceedings against attorney); Maryland State Bar Ass'n v. Frank, 272 Md. at 535, 325 A. 2d at 721 (principles of double jeopardy and res judicata which bar certain criminal prosecutions not bar to disciplinary proceedings against attorney); Braverman v. Bar Ass'n of Baltimore City, 209 Md. at 337, 121 A. 2d at 477 (formal or technical allegations or descriptions of offense necessary in criminal prosecutions not required in disciplinary proceedings against attorney); Nelson v. Real Estate Comm'n, 35 Md. App. at 342, 370 A. 2d at 613 (statute of limitations barring prosecution or suit not bar to disciplinary proceedings against real estate broker).

**15.** *See, e.g.,* Bold v. Board of Medical Examiners, 23 P. 2d 826, 827 (Cal.Dist.Ct.App. 1933) (statute of limitations); Blumberg v. State Bd. of Medical Examiners, 115 A. 439, 440 (N.J. 1921) (statute of limitations); State Medical Examining Bd. v. Stewart, 89 P. 475, 477 (Wash. 1907) (statute of limitations); State v. Josefsberg, 81 N.W.2d 735, 740 (Wis. 1957) (laches).

**16.** Appellants' other contentions were not decided by the trial court and need not be considered here. Maryland Rule 1085; McCarty v. E.J. Korvette, Inc., 28 Md. App. 421, 441, 347 A. 2d 253, 266 (1975). Were we to consider these contentions, we would find them to be without merit.

correct when made, must be reversed.[17] An appellate court will apply a change in statutory law made after the trial court's judgment unless vested or accrued substantive rights would be disturbed or unless the Legislature shows a contrary intention.[18]

On 1 July 1977, eight weeks after the trial court's order of 5 May 1977, Md. Ann. Code, art. 43, § 130A [19] became effective. It provides:

> "§ 130A. Required reports to Commission by hospitals and courts.
>
> "(a) *Reports of denial, limitation or termination of staff privileges for unprofessional conduct; resignation while under formal accusation.* — (1) Each hospital and related institution shall report to the Commission each denial of a physician's application for staff privileges and each limitation, reduction, or termination of previously granted staff privileges if the action results from any of the causes listed in § 130 (h) of this article as unprofessional conduct, or any voluntary resignation of a physician while the physician is under formal accusation of activities listed in § 130 (h) of this article.
>
> "(2) The report shall be submitted within ten days after the hospital or related institution acts on the staff privileges and shall specify the reasons for the action.
>
> "(3) In no event shall any minutes or notes taken in the course of determining the denial, limitation, reduction or termination of staff privileges be subject to review or discovery by any person.

---

**17.** Yorkdale Corp. v. Powell, 237 Md. 121, 124, 205 A. 2d 269, 271 (1964); Price v. Nesbitt, 29 Md. 263, 265-67 (1868); Firstman v. Atlantic Constr. & Supply Co., 28 Md. App. 285, 295-98, 345 A. 2d 118, 124-26 (1975); *see* Gordy v. Prince, 175 Md. 688, 688-89, 7 A. 2d 611, 611 (1939).

**18.** Yorkdale Corp. v. Powell, 237 Md. at 124, 205 A. 2d at 271; Wade v. St. Mary's Indus. School, 43 Md. 178, 181 (1875); *see* Firstman v. Atlantic Constr. & Supply Co., 28 Md. App. at 296-97, 345 A. 2d at 125.

**19.** Md. Ann. Code, art. 43, § 130A (Cum. Supp. 1977).

"(b) *Reports of convictions.* — Each court shall report to the Commission each conviction of a physician for any crime involving moral turpitude within ten days after the conviction.

"(c) *Subpoena power of Commission.* — The Commission may enforce this section by subpoena.

"(d) *Immunity from civil action.* — A person who in good faith provides the information required under this section is immune from civil action for damages resulting from the provision of information.

"(e) *Reports not subject to subpoena or discovery.* — A report made under this section is not subject to subpoena or discovery proceeding in any civil action except proceedings arising out of hearings and decisions of the Commission."

Because this law affects procedural rather than substantive rights [20] and because there is no contrary legislative intent, we shall apply this law.

Article 43, § 130A (a) (3) expressly precludes the "review or discovery by any person" of the "minutes or notes" of a hospital pertaining to a change in the status of the physician's staff privileges. We must first determine whether the Disciplinary Commission is a "person" within the meaning of § 130A (a) (3).

The word "person" when used in a statute ordinarily does not include the State or State agencies. A State or State agency, however, may be included in the word "person" if there is a manifest legislative intent that it be so included.[21] In determining this legislative intent, a court must read the words and provisions of a statute in context.[22] In addition, it

20. Monell v. IBM, 378 N.Y.S.2d 615, 617 (Sup. Ct. 1976); *see* Beechwood Coal Co. v. Lucas, 215 Md. 248, 254, 137 A. 2d 680, 683 (1958); Southerland v. Norris, 74 Md. 326, 328-29, 22 A. 137, 137 (1891); 3 S. Gard, *Jones on Evidence* § 19.13 at 560 (6th ed. 1972).

21. Harden v. Mass Transit Admin., 277 Md. 399, 408, 354 A. 2d 817, 823-24 (1976); Huffman v. State Roads Comm'n, 152 Md. 566, 584-85, 137 A. 358, 365 (1927).

22. Schweitzer v. Brewer, 280 Md. 430, 438, 374 A. 2d 347, 352 (1977); Walker v. Montgomery County, 244 Md. 98, 102, 223 A. 2d 181, 183 (1966); Wilson v. State, 21 Md. App. 557, 567-68, 321 A. 2d 549, 555 (1974).

may consider the legislative history, including committee reports,[23] and the purpose of the statute.[24] Finally, a court should reconcile and harmonize parts of a statute if possible.[25]

The parts of art. 43, § 130A (a) are interrelated. Subsection (a) (1) requires that hospitals make certain reports to the Disciplinary Commission. Subsection (a) (2) specifies the time of filing and content of the required report. Thus, the context of subsection (a) (3) requires it to be read as describing material which shall neither be included in the report nor otherwise made available to the Disciplinary Commission.

The legislative history of art. 43, § 130A (Senate Bill 263) [26] shows that, as originally proposed, that Bill did not prohibit review or discovery of a hospital's minutes or notes concerning the status of a physician's staff privileges. A Senate Finance Committee Report, dated 28 February 1977, recommended, among other things, that the Bill be amended to include such a prohibition and that the Bill as amended be enacted. The report described the purpose of the proposed legislation as follows:

> "The bill provides a means by which the Commission on Medical Discipline can learn of, and review each denial or reduction of a physician's staff privileges, and other occurrences of unprofessional conduct. *As amended, the bill also safeguards the rights of the accused by denying discovery of pertinent notes regarding the investigation of a physician."* (Emphasis added.)

The Bill was enacted as amended.

This history establishes that the purpose of subsection (a)

---

23. Blumenthal v. Clerk of the Circuit Court, 278 Md. 398, 404, 365 A. 2d 279, 283 (1976); Public Service Comm'n v. Sun Cab Co., 160 Md. 476, 481, [West v. Sun Cab Co.] 154 A. 100, 103 (1931); Becker v. Crown Central Petroleum Corp., 26 Md. App. 596, 608-10, 340 A. 2d 324, 331-32 (1975).

24. Fairchild Indus. v. Maritime Air Serv., Ltd., 274 Md. 181, 185-86, 333 A. 2d 313, 316 (1975); Sanza v. Md. Bd. of Censors, 245 Md. 319, 340, 226 A. 2d 317, 328 (1967); Becker v. Crown Central Petroleum Corp., 26 Md. App. at 608, 340 A. 2d at 332.

25. Holmes v. Criminal Injuries Compensation Bd., 278 Md. 60, 66, 359 A. 2d 84, 88 (1976); Moaney v. State, 28 Md. App. 408, 420, 346 A. 2d 466, 474 (1975).

26. Enacted as ch. 173, 1977 Md. Laws.

(3) is to protect an accused physician from the disclosure of certain materials. To accomplish that purpose fully, subsection (a) (3) must be read as excluding minutes or notes concerning the status of a physician's staff privileges from the material which a hospital is otherwise required to make available to the Disciplinary Commission, a body authorized to impose sanctions upon a physician for unprofessional conduct.

Thus the context, the legislative history, and the purpose of art. 43, § 130A (a) (3) establish a manifest legislative intent that the Disciplinary Commission be included in the word "person." We now consider the relation between that provision and other parts of the statute.

Article 43, § 130 (i) authorizes the Disciplinary Commission to issue subpoenas. It does not restrict the type of material which a hospital may be required to produce. Article 43, § 130A (c), also authorizes the Disciplinary Commission to issue subpoenas. Article 43, § 130A (a) (3), however, restricts the type of material which a hospital may be required to produce by excluding "minutes or notes." That section provides that "[i]n no event" shall those "minutes or notes" be made available to the Disciplinary Commission. Under these circumstances, in order to harmonize and reconcile these three provisions, art. 43, § 130A (a) (3) must be read as restricting the Disciplinary Commission's authority to compel the production of "minutes or notes," not only under art. 43, § 130A (c), but also under art. 43, § 130 (i). Accordingly, the Disciplinary Commission cannot subpoena the Hospital Review Committee's minutes or notes.

The order of the trial court enforced the Disciplinary Commission's subpoenas which required the production of "records" of the Hospital Review Committee concerning the status of staff privileges of the Unnamed Physician. There was no exclusion of "minutes or notes." To this extent, these subpoenas are not in accordance with existing law.

As a matter of policy, agency subpoenas should be enforced to the extent they are in accordance with law.[27] Under

27. *See* 5 U.S.C.A. § 555(d) (1977); 1 F. Cooper, State Administrative Law 299 (1965).

appropriate circumstances, trial courts may modify subpoenas issued by administrative agencies.[28] Accordingly, we shall reverse the trial court's 5 May 1977 order and remand the case for further proceedings in accordance with this opinion.

> *Judgment reversed.*
> *Case remanded for further proceedings in accordance with this opinion.*
> *Costs to be paid by appellants.*

---

28. FCC v. Cohn, 154 F. Supp. 899, 911-13 (D.S.D.N.Y. 1957); *see,* Overby v. United States Fidelity and Guaranty Co., 224 F. 2d 158, 163-64 (5th Cir. 1955); NLRB v. Anchor Rome Mills, 197 F. 2d 447, 449-50 (5th Cir. 1952); *In re* Grand Jury Subpoena, 203 F. Supp. 575, 580 (D.S.D.N.Y. 1961).