■ In the Matter of BRIJ N. SINHA, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which suspended petitioner's license and registration to practice medicine in New York State for a period of five years and fined him $5,000, but stayed execution of the last four and one-half years of the suspension and placed him on probation for the suspended period under stated terms. Petitioner, a physician, was found guilty of professional misconduct pursuant to subdivision (9) of section 6509 of the Education Law by engaging in conduct evincing a moral unfitness to practice the profession. It was found that petitioner had sexually molested three former employees of his by touching their breasts and by making other sexual advances to them. Petitioner's primary contention in this proceeding is that due process considerations require the application of a three-year Statute of Limitations as contained in CPLR 214 to these offenses. This issue was previously resolved by this court (see *Matter of Frank v Board of Regents,* 24 AD2d 909, mot for lv to app den 17 NY2d 420, cert den 385 US 815; *Matter of Pepe v Board of Regents,* 31 AD2d 582). It was held that a Statute of Limitations is not applicable to administrative disciplinary hearings. We adhere to that holding. The licensing of a physician imposes on the licensee an obligation to serve the public's good with concomitant adherence to strict ethical standards. Errant behavior of a physician which contravenes such high calling should not be protected by the shield of a Statute of Limitations. Petitioner also contends that the failure to accord him discovery proceedings was violative of due process. We disagree. Disciplinary proceedings are intended to expeditiously resolve complaints. Section 230 of the Public Health Law provides that the licensee be given a copy of the charges which shall "state the substance of the alleged professional misconduct and shall state concisely the material facts but not the evidence by which the charges are to be proved". The statute carries no authority for oral depositions or other discovery devices. Due process considerations do not require the full panoply of procedural tools available to civil litigants in an administrative proceeding. We deem the protection afforded by the Public Health Law and the State Administrative Procedure Act to be sufficient to protect the rights of licensed physicians. Finally, we find no merit in petitioner's claim that the punishment here was excessive. It fully comports with the gravity of the found misbehavior. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.