**Juanita Taft ROGERS, Petitioner,**

v.

**The DIVISION OF REAL ESTATE OF the DEPARTMENT OF BUSINESS REGULATIONS OF the STATE OF UTAH, Respondent.**

**No. 890021-CA.**

Court of Appeals of Utah.

March 30, 1990.

---

Gary H. Weight (argued), Aldrich, Nelson, Weight & Esplin, Provo, for petitioner.

R. Paul Van Dam, State Atty. Gen., Sheila Page (argued), Asst. Atty. Gen., Tax and Business Regulation, Salt Lake City, for respondent.

Before DAVIDSON, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Juanita Taft Rogers appeals the Real Estate Commission's (Commission) order revoking her real estate broker's license. Rogers claims the Commission's action was barred by a statute of limitations and that

the order was unduly harsh and inequitable. We affirm.

During 1982, Rogers was a real estate agent licensed by the Utah Department of Business Regulation's Real Estate Division (Division). In January 1982, Barbara Homeyer entered into an oral agreement with Rogers. Rogers agreed to act as Homeyer's real estate agent and find a prospective seller who would accept Homeyer's personal property as down payment for the purchase of a home. Homeyer delivered the property to Rogers so that Rogers could have access to the property if a prospective buyer was located.

By April 1982, Homeyer found two homes for possible purchase, but a satisfactory arrangement could not be reached as to which items of personal property would be acceptable in lieu of a cash down payment. Homeyer then authorized Rogers to sell certain items to provide cash for a down payment. Rogers had some of the property appraised and sold certain items in antique shows. However, Homeyer did not authorize sale of some of the items actually sold by Rogers. Rogers never delivered any proceeds from the sales to Homeyer. In addition, Rogers never advised her broker of these activities, nor did she deliver to him any of the funds she obtained from the sale of Homeyer's property.

In May 1982, Homeyer was told she had cancer. On May 5, 1982, Homeyer and Rogers executed a written agreement that assigned all of Homeyer's personal property to Rogers and authorized Rogers to liquidate the property for the benefit of Homeyer. The agreement provided that if Homeyer died before all the property was liquidated, the remaining funds would be placed in trust for her two children.

During the next two months, Rogers never advised Homeyer regarding the property and Homeyer was unable to contact Rogers. In July 1982, Homeyer retained counsel and demanded in writing that Rogers return all personal property still in her possession and provide an accounting of the property sold or otherwise disposed of.

In October 1982, Rogers responded by letter to Homeyer's demands. She told Homeyer of her efforts to appraise, restore, and sell the property and the costs she had incurred as a result. She requested that Homeyer keep her informed with regard to "the housing thing" and told Homeyer of a listing for a two bedroom townhouse duplex, suggesting that Homeyer could live in one side and rent the other.

In a subsequent letter, Homeyer responded that purchase of the duplex was not economically feasible. She again asked for an accounting. Homeyer then sent another letter to Rogers demanding that Rogers return all items of personal property entrusted to her. Rogers did not respond. Homeyer then initiated litigation.

On August 17, 1983, the Commission suspended Rogers's real estate license for one year for her conduct in 1982 concerning Homeyer, followed by a two-year probation, subject to certain terms and conditions. Rogers's conduct was found to constitute gross incompetence and a violation of the fiduciary duty owed to her client. The Commission's order was affirmed by the Third District Court on July 11, 1985.

On July 9, 1986, Rogers returned certain items to Homeyer pursuant to a writ of replevin. On October 30, 1986, the Fourth District Court entered judgment in favor of Homeyer for $18,150 against Rogers, for breach of contractual and fiduciary duties to Homeyer and for conversion of personal property and sales proceeds.

On January 15, 1987, Rogers obtained a principal broker's license. On November 25, 1987, the Division filed a petition with the Commission to revoke Rogers's real estate broker's license based upon her activity with Homeyer in 1982. Rogers filed a motion to dismiss on the basis that the Division's action was barred by a statute of limitations. Rogers's motion to dismiss was denied. On September 20, 1988, a hearing was held before an Administrative Law Judge (A.L.J.) of the Department of Business Regulation. The A.L.J. concluded that Rogers had violated Utah Code Ann.

§ 61–2–11(8) (1986)[1] and Utah Code Ann. § 61–2–11(15) (1986)[2] in conjunction with rule 9(a)(7) (1978)[3] of the Rules and Regulations of the Real Estate Commission. The Commission adopted the A.L.J.'s findings, conclusions, and recommended order and revoked Rogers's license on December 14, 1988.

On appeal, Rogers claims (1) the Division's action to revoke her principal broker's license was barred by the four-year limitation period under Utah Code Ann. § 78–12–25(2) (1987) and, (2) the Commission's order revoking her license was unduly harsh and inequitable.

## STATUTE OF LIMITATIONS

Section 78–12–25(2) states that "an action for relief not otherwise provided for by law" must be commenced within four years. Rogers argues that this catch-all provision is applicable to the commencement of the second proceeding against her before the Commission for two reasons. First, she contends that the administrative disciplinary proceeding against her was a civil proceeding. Utah Code Ann. § 78–12–1 (1987) states that "[c]ivil actions may be commenced only within the periods prescribed in this chapter, after the cause of action has accrued, except in specific cases where a different limitation is prescribed by statute." Rogers asserts that because Utah Code Ann. §§ 61–2–1 to –23 (1987), which governs the Division, does not impose limitations on actions by the Division,[4] a disciplinary proceeding by the Division is subject to the appropriate limitation of actions prescribed in Utah Code Ann. §§ 78–12–1 to –47 (1987).

Second, Rogers argues that section 78–12–33, which states that "[t]he limitations prescribed in this article shall apply to actions brought in the name of or for the benefit of the state in the same manner as to actions by private parties," subjects administrative disciplinary proceedings brought by the state to the provisions of sections 78–12–1 to –47.

Rogers concludes that the Commission was barred from revoking her license because the time between the acts complained of and commencement of the second administrative proceeding against her exceeded the four-year limitation imposed by section 78–12–25(2).

■ We disagree with Rogers. In the absence of specific legislative authority, civil statutes of limitation are inapplicable to administrative disciplinary proceedings. This position has been adopted by courts in connection with the revocation of a real estate license, *see, e.g., Landes v. Department of Professional Regulation*, 441 So.2d 686, 686 (Fla.Dist.Ct.App.1983); *Nelson v. Real Estate Comm'n*, 35 Md.App. 334, 370 A.2d 608, 613 (Ct.Spec.App.1977), as well as in other types of professional or licensure disciplinary proceedings. *See, e.g., Colorado State Bd. of Medical Examiners v. Jorgensen*, 198 Colo. 275, 599 P.2d 869, 873 (1979); *Chock v. Bitterman*, 5 Haw.App. 59, 678 P.2d 576, 584 (1984), *cert. denied*, 67 Haw. 685, 744 P.2d 781 (1987); *In re Sinha v. Ambach*, 91 A.D.2d 703, 457 N.Y.S.2d 603, 604 (N.Y.1982).

■ Contrary to Rogers's assertion, an administrative disciplinary hearing is not a civil proceeding. *Richard v. Holiday*, 261 Iowa 181, 153 N.W.2d 473, 477 (1967); *Cocco v. Maryland Comm'n on Medical Disci-*

---

1. Section 61–2–11(8) provides that a real estate license may be suspended or revoked if the licensee is found guilty of "being unworthy or incompetent to act as a principal broker, associate broker, or sales agent in such manner as to safeguard the interests of the public."

2. Section 61–2–11(15) provides that a real estate license may be suspended or revoked if the licensee is found guilty of "violating or disregarding this chapter or the rules adopted by the commission and the division."

3. Rule 9(a)(7) states that "[a]ll consideration received by a salesman in connection with a real estate transaction in which he is engaged on behalf of his broker shall immediately be delivered by him to his broker...." *Cf.* Utah Admin.R. 174–4–2(4.2.1) (1989).

4. At the time of this proceeding, the Department of Business Regulations (now the Department of Commerce) was governed by Chapter 1, Title 13 of the Utah Code. This body of law also did not impose a statute of limitations on the filing of administrative actions.

*pline,* 39 Md.App. 170, 384 A.2d 766, 769 (Ct.Spec.App.1978); *Nelson,* 370 A.2d at 613. *See also* Utah R.Civ.P. 3(a) ("A civil action is commenced by filing a complaint with the court, or (2) by the service of a summons."). It is a special, somewhat unique, statutory proceeding, in which the disciplinary board investigates the conduct of a member of the profession to determine if disciplinary action is appropriate to maintain sound professional standards of conduct and protect the public. *In re Kindischi,* 52 Wash.2d 8, 319 P.2d 824, 825–26 (1958).

Because we have determined that administrative disciplinary proceedings are not "actions," they are likewise, not subject to the limitation of section 78–12–33, regarding commencement of actions by the state.

## REVOCATION OF LICENSE ·

We next analyze Rogers's claim that the Commission's order to revoke her broker's license was unduly harsh and inequitable. Because this claim involves mixed questions of law and fact, we embrace the standard set forth in *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n,* 658 P.2d 601, 610 (Utah 1983).[5] Accordingly, we will not disturb the Commission's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality. *Id.*

Rogers first argues that the Commission erroneously concluded that the May 5, 1982 contract between her and Homeyer constituted a continuing real estate agreement.

Rogers asserts that the contract did not have the earmarks of a typical real estate agreement: it was neither a listing agreement nor an earnest money agreement, nor did it stipulate that the proceeds from the sale of the personal property be used as a down payment on a home. She contends that the contract only authorized her to sell Homeyer's personal property and hold the proceeds in trust in the event that Homeyer died. Consequently, Rogers concludes that since the contract was not a real estate agreement, she was not subject to the Division's rules and regulations.

The record, however, clearly shows that Rogers acted as a real estate agent for Homeyer beginning January 1982 and throughout most of 1982. Rogers acknowledges that beginning in January 1982, she orally agreed to act as Homeyer's real estate agent and find a prospective seller who would accept Homeyer's personal property as down payment for the purchase of a home. Nothing in the May 5th written agreement provides that Rogers would no longer attempt to locate a home for Homeyer. Indeed, subsequent correspondence by Rogers to Homeyer indicated that she was continuing her efforts to locate a home for Homeyer.

Finally, Rogers's responsibilities as a real estate agent to Homeyer do not hinge upon there being a listing agreement or an earnest money agreement. Homeyer was a prospective buyer, not a seller, which explains why there is no listing agreement. Earnest money agreements simply memori-

---

**5.** The Division's proceeding against Rogers's broker's license was filed November 25, 1987. The disciplinary hearing occurred on September 20, 1988. Under Utah Code Ann. § 63–46b–22(1) (1989), the Utah Administrative Procedures Act (UAPA) is applicable only to proceedings commenced on or after January 1, 1988. Section 63–46b–22(2) provides:

> Statutes and rules governing agency action, agency review, and judicial review that are in effect on December 31, 1987, govern all agency adjudicative proceedings commenced by or before an agency on or before December 31, 1987, even if those proceedings are still pending before an agency or a court on January 1, 1988.

Because the application for hearing in this case was *filed* prior to January 1, 1988, the effective date of the UAPA, we review the Commission's decision under pre-UAPA law. *USX Corp. v. Industrial Comm'n,* 781 P.2d 883, 885 (Utah Ct.App.1989). *But see Johnson v. Department of Employment Sec.,* 782 P.2d 965, 968 n. 1 (Utah Ct.App.1989) (because application for unemployment benefits is not an adjudicative procedure, while a proceeding before an A.L.J. is, the adjudicative proceeding is deemed commenced upon the latter hearing).

Regardless of whether the UAPA applies, the standard of review for mixed questions of fact and law remains the standard set forth in *Utah Dep't of Admin. Servs. Pro–Benefit Staffing, Inc. v. Board of Review,* 775 P.2d 439, 442 (Utah Ct.App.1989).

alize offers and acceptances. Although the agreement between Homeyer and Rogers involved an unconventional means to find a home for Homeyer, the Commission's conclusion that Rogers was acting as a real estate agent for Homeyer, and was thus subject to the rules of the Division, does not exceed the bounds of reasonableness and rationality.

■ Rogers next contends that the Commission's conclusion that she owed a fiduciary responsibility to Homeyer was erroneous since there is no required fiduciary duty in the rules or regulations of the Division nor statutorily. The A.L.J. acknowledged that Rogers's conduct was not governed by a statutorily mandated fiduciary duty between herself and Homeyer, but stated that Rogers owed a duty as a sales agent to Homeyer and that she failed to properly discharge that duty. We agree. "Though not occupying a fiduciary relationship with prospective purchasers, a real estate agent hired by the vendor [or a purchaser] is expected to be honest, ethical, and competent and is answerable at law for breaches of his or her statutory duty to the public." *Dugan v. Jones*, 615 P.2d 1239, 1248 (Utah 1980), *aff'd on rehearing*, 724 P.2d 955 (Utah 1986). The A.L.J.'s findings of facts, which are uncontested by Rogers, clearly show that Rogers breached her statutory duty: she sold items without Homeyer's authorization; she failed to remit sale proceeds to her, return property on demand, and account for property or monies in her possession; she delivered property to third parties which was unrecoverable by Homeyer; and she sold property at below fair market value. Based on these facts, the Commission's conclusion that Rogers was unworthy or incompetent to act as a principal broker in such a manner as to safeguard the interests of the public, was both reasonable and rational.

■ Finally, Rogers argues that even if the Commission's conclusions of law were correct, the revocation of her license was an unduly harsh sanction. She urges the court to adopt a lesser sanction. Rogers points to the fact that there is no evidence that she has engaged in any misconduct since 1982. Although Rogers's record as a real estate agent since 1982 is apparently unblemished, we find that the Commission acted reasonably and rationally in finding her 1982 conduct sufficiently egregious to revoke her broker's license.

Affirmed.

DAVIDSON and ORME, JJ., concur.