2002 UT App 371

**Marcos L. LORENZO, Petitioner,**

v.

**WORKFORCE APPEALS BOARD, Division of Workforce Services, Respondent.**

No. 20020084–CA.

Court of Appeals of Utah.

Nov. 7, 2002.

L. Kathleen Ferro, Utah Legal Services, Salt Lake City, for Petitioner.

H. Craig Bunker, Department of Workforce Services, Salt Lake City, for Respondent.

Before BILLINGS, Associate P.J., BENCH, and GREENWOOD, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

¶1 Petitioner Marcos Lorenzo appeals from a Workforce Appeals Board (the Board) decision affirming the Department of Work Force Services' (the Department) assessment of a civil penalty against him for unemployment insurance fraud. We reverse.

## BACKGROUND

¶2 On January 29, 1999, Petitioner filed a claim for unemployment insurance benefits. Petitioner was working part-time. The Department determined Petitioner was eligible for benefits, effective January 24, 1999, and awarded Petitioner a weekly benefit of $297. Thereafter, Petitioner reported earnings each week until August 14, 1999. Based on Petitioner's reports, the Department paid weekly benefits to Petitioner.

¶3 On January 17, 2000, the Department requested earnings information from Petitioner's employers. On February 28, 2000, the Department received earnings reports from these employers. The reports indicated that Petitioner had earned more each week than he had reported to the Department.

¶4 Based on the reports, and after further investigation, the Department determined that Petitioner failed to accurately report earnings and therefore knowingly withheld information to receive benefits to which he was not entitled in violation of the Employment Security Act. See Utah Code Ann. § 35A–4–101 to –508 (2001). On July 13, 2001, the Department issued a Decision of Eligibility for Unemployment Insurance Benefits and Notice of Overpayment (the notice). The notice provided that based upon his actual earnings, Petitioner was ineligible for benefits for the weeks between January 24, 1999 and August 14, 1999. Pursuant to the Employment Security Act, the Department assessed an "overpayment" of $5,893, for the benefits Petitioner actually received, and a civil penalty of $5,893, for the amount of benefits Petitioner received as a direct result of his fraud. The Department also disqualified Petitioner from receiving benefits for forty-nine additional weeks.[1]

¶5 Petitioner appealed the Department's decision to the Department's appeals section. At a hearing before the Administrative Law Judge (ALJ), Petitioner moved to dismiss the civil penalty, contending the Department failed to seek the penalty within the one-year statute of limitation for an action upon a statute for a penalty to the state. See Utah Code Ann. § 78–12–29(3) (Supp.2002). Thereafter, the ALJ denied Petitioner's motion to dismiss.

¶6 Petitioner appealed the ALJ's decision to the Board, again contending the Department failed to bring an action for the civil penalty within the statute of limitation in Utah Code Ann. § 78–12–29(3) and contending the ALJ erred in determining the Employment Security Act provided a different limitation for the penalty assessment. The Board affirmed the ALJ's decision and Petitioner filed this petition for review.

## ISSUES AND STANDARDS OF REVIEW

 ¶7 Petitioner argues the Board erred in concluding that section 78–12–29(3)

---

1. Petitioner does not challenge the Department's imposition of the disqualification period.

does not bar the assessment of a civil penalty and in concluding that the Employment Security Act grants the Department continuous jurisdiction to assess the civil penalty. "The standard we apply when an agency interprets ... [a] non-agency specific legislative act[ ] is ... 'a correction of error standard, giving no deference to the agency's decision.'" *King v. Industrial Comm'n of Utah,* 850 P.2d 1281, 1285 (Utah Ct.App.1993) (citation omitted). Further, because we must interpret the interplay among sections of the Employment Security Act and the relevant sections do not grant the Board discretion to decide whether the act provides a different statute of limitation governing the penalty assessment, we review the Board's conclusion for correctness. *See Burgess v. Siaperas Sand & Gravel,* 965 P.2d 583, 585 (Utah Ct.App. 1998).

## ANALYSIS

¶ 8 Petitioner maintains the general statute of limitation for an action upon a statute for a penalty to the state in section 78–12–29(3) bars the Department's assessment of the civil penalty in this case. Section 78–12–29(3) provides, "An action may be brought within one year: ... (3) upon a statute ... for a forfeiture or penalty to the state."

¶ 9 Both parties agree the Department's cause of action accrued when Petitioner misrepresented his weekly earnings in 1999. *See* Utah Code Ann. § 35A–4–405(5) (providing that claimant is ineligible for benefits each week claimant willfully makes false statement to obtain benefits and providing for repayment of benefits actually received and civil penalty in amount claimant received by direct reason of fraud). The parties also agree the statute of limitation was tolled by the discovery rule until February 28, 2000, when the Department received the earnings reports from Petitioner's employers indicating Petitioner misrepresented his earnings. The Department did not commence an action until at least July 13, 2001, when it issued the notice of overpayment, which was beyond the one-year statute of limitation for an action upon a statute for a penalty to the state. *See* Utah Code Ann. § 78–12–29(3). Thus, we agree with Petitioner that section 78–12–

29(3) bars the penalty assessment unless the Employment Security Act provides a different statute of limitation.

¶ 10 The Board concluded that section 35A–4–406 of the Employment Security Act provides a different statute of limitation "through a grant of continuous jurisdiction" to assess civil penalties for unemployment fraud. In relevant part, section 35A–4–406 provides:

Claims for benefits—Continuing jurisdiction—Appeal—Notice of decision—Repayment of benefits fraudulently received.

(1) (a) Claims for benefits shall be made and shall be determined by the division or referred to an administrative law judge in accordance with rules adopted by the department.

. . . .

(2) (a) Jurisdiction over benefits shall be continuous.

(b) Upon its own initiative or upon application of any party affected, the division may on the basis of change in conditions or because of a mistake as to facts, review a decision allowing or disallowing in whole or in part a claim for benefits.

(c) The review shall be conducted in accordance with rules adopted by the department and may result in a new decision that may award, terminate, continue, increase, or decrease benefits, or may result in a referral of the claim to an appeal tribunal.

. . . .

(f) A review may not be made after one year from the date of the original determination, except in cases of fraud or claimant fault as provided in Subsection (4).

. . . .

(4) (a) Any person who, by reason of his fraud, has received any sum as benefits under this chapter to which he was not entitled shall repay the sum to the division for the fund.

¶ 11 "The plain language controls the interpretation of a statute, and only if there is ambiguity do we look beyond the plain language...." *Vigos v. Mountainland*

*Builders, Inc.,* 2000 UT 2, ¶ 13, 993 P.2d 207. Further, "[u]nambiguous language … may not be interpreted to contradict its plain meaning." *Zoll & Branch, P.C. v. Asay,* 932 P.2d 592, 594 (Utah 1997). We also "avoid adding to or deleting from statutory language, unless absolutely necessary to make it a rational statute." *Luckau v. Board of Rev.,* 840 P.2d 811, 815 (Utah Ct.App.1992) (quotations and citation omitted).

¶ 12 The plain language of subsection 35A–4–406(2)(a) provides that the Department's jurisdiction over "benefits" is continuous. The Employment Security Act defines "benefits" as "the money payments payable to an individual as provided in this chapter with respect to the individual's unemployment." Utah Code Ann. § 35A–4–201(3). The Department claims the term "benefits" includes civil penalties.

¶ 13 However, nowhere in section 35A–4–406, which grants continuous jurisdiction, is there any mention of civil penalties. "[W]here the statutory language is plain and unambiguous, we do not look beyond the language's plain meaning to divine legislative intent." *State v. Kenison,* 2000 UT App 322, ¶ 10, 14 P.3d 129 (quotations and citation omitted) (alteration in original). If the legislature intended to extend continuous jurisdiction to collection of civil penalties, it could have so "stated its intention." *Hebertson v. Bank One, Utah,* 1999 UT App 342, ¶ 13, 995 P.2d 7; *see also Bourgeous v. Utah Dep't of Commerce,* 2002 UT App 5, ¶ 21, 41 P.3d 461.

Thus, we conclude the plain language of section 35A–4–406 grants continuous jurisdiction only to the collection of benefit overpayments received by fault or fraud and not to the collection of civil penalties.

¶ 14 The Department argues that because section 35A–4–305 links the collection of contributions, benefit overpayments, and civil penalties, we should extend continuous jurisdiction to the collection of civil penalties.[2] We are not persuaded. The plain language of section 35A–4–406 grants continuous jurisdiction only to the collection of benefits paid as a result of fraud or fault. We therefore reverse the collection of the $5,893 penalty as the Department did not have jurisdiction to collect the penalty under sections 35A–4–406 and 78–12–29(3).

¶ 15 WE CONCUR: RUSSELL W. BENCH and PAMELA T. GREENWOOD, Judges.

2. Section 35A–4–305 provides in part:

Collection of contributions—Unpaid contributions to bear interest.

(1)....

....

(d) The division shall assess as a penalty a service charge, in addition to any other penalties that may apply, in an amount not to exceed the service charge imposed by Section 7–15–1 for dishonored instruments if: (i) any amount due the division for contributions, interest, other penalties or benefit overpayments is paid by check, draft, order, or other instrument; and (ii) the instrument is dishonored or not paid by the institution against which it is drawn.

(e) Except for benefit overpayments under Subsection 35A–4–405(5), benefit overpayments, contributions, interest, penalties, and assessed costs, uncollected three years after they become due, may be charged as uncollect-

ible and removed from the records of the division if:

(i) no assets belonging to the liable person and subject to attachment can be found; and (ii) in the opinion of the division there is no likelihood of collection at a future date.

....

(g) Action required for the collection of sums due under this chapter is subject to the applicable limitations of actions under Title 78, Chapter 12, Limitation of Actions.

....

(3) (a) If, after due notice, any employer defaults in any payment of contributions, interest, or penalties on the contributions, or any claimant defaults in any repayment of benefit overpayments and penalties on the overpayments, the amount due shall be collectible by civil action in the name of the division, and the employer adjudged in default shall pay the costs of the action.