**2017 UT App 225**

## THE UTAH COURT OF APPEALS

BRENT ALLEN MORGAN AND SUMMIT
DEVELOPMENT & LENDING GROUP INC.,
Petitioners,
*v.*
DEPARTMENT OF COMMERCE, DIVISION OF SECURITIES,
Respondent.

Opinion
No. 20160091-CA
Filed December 7, 2017

Original Proceeding in this Court

Stephen K. Christiansen, Attorney for Petitioners

Sean D. Reyes, Thomas M. Melton, and Stanford E.
Purser, Attorneys for Respondent

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES KATE A. TOOMEY and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1 Brent Allen Morgan asks us to conclude that because he is a private individual, unlicensed to sell securities in the state of Utah, the Utah Division of Securities should not have been able to wait as long as it did before bringing an administrative proceeding against him for allegedly violating the Utah Uniform Securities Act.[1] Because the statutes of limitations Morgan

---

1. The Division brought the proceeding against Morgan and Summit Development and Lending Group Inc., Morgan's "sole corporation." The parties do not distinguish between Morgan and his corporation in their arguments on appeal, and we do not see a need to do so for purposes of our analysis. We therefore

(continued…)

identified do not apply, we decline to disturb the Department of Commerce's order, which allowed the proceeding to go forward.

¶2    In August 2014, the Division filed a notice of agency action and order to show cause, alleging that Morgan had made material misstatements and omissions in connection with the offer and sale of securities to at least three investors. All of the acts alleged in the notice occurred between June 2007 and July 2008. Morgan moved to dismiss the proceeding, arguing it was time-barred. The Utah Securities Commission denied the motion, reasoning that "there is no statute of limitations applicable to administrative actions filed by the Division of Securities under the Uniform Securities Act where no civil complaint is filed."

¶3    Morgan thereafter sought Department review of the Commission's denial of his motion to dismiss. The Department concluded that this court's decision in *Rogers v. Division of Real Estate*, 790 P.2d 102 (Utah Ct. App. 1990), controlled the question of which statute of limitations applied, if any. "Applying the rationale in *Rogers*," the Department determined that "none of the statutes upon which Petitioners rely apply in this case. Those statutes limit the time in which the state may bring criminal or civil actions; they do not specifically reference any administrative action by a government agency." The Department accordingly affirmed the Commission's order.

¶4    Morgan now seeks judicial review of the Department's order.[2] He argues that *Rogers* is inapplicable where, as here, an

_____

(…continued)
use "Morgan" to refer both to him individually and Morgan and his corporation collectively.

2. Because this case presents only questions of law, we review the Department's order for correctness. *See Evolocity, Inc. v.*

(continued…)

agency brings an administrative proceeding "against a non-member of the profession who is a member of the public at large." In such a case, Morgan contends, the proceeding is limited by one of three statutes of limitations, any one of which would render the notice filed in this case untimely. The three statutes relied on by Morgan are Utah Code section 61-1-21.1, which requires that any "indictment or information" or "civil complaint" for violations of the Act be filed no "more than five years after the alleged violations"; section 78B-2-307, which sets forth a four-year catch-all statute of limitations "for relief not otherwise provided for by law"; and section 78B-2-302(3), which requires any action "for a forfeiture or penalty to the state" to "be brought within one year." Morgan provides detailed analyses as to why each of these statutes might apply to this case and concludes,

> *Some* statute of limitations therefore applies to the Division's claims. It is either the one-year statute for a penalty to the state; the five-year specific statute for securities claims that supersedes the one-year general statute; or, if neither of these applies, the four-year "catch-all" statute of limitations that applies to all "causes of action."

(Emphasis in original.) We disagree and hold that none of the three statutes of limitations apply.[3]

---

(…continued)
*Department of Workforce Services*, 2015 UT App 61, ¶ 7, 347 P.3d 406.

3. As noted in *Phillips v. Department of Commerce*, 2017 UT App 84, 397 P.3d 863, the legislature recently provided for a ten-year statute of limitations applicable to such proceedings. *See id.* ¶ 15 n.4; Utah Code Ann. § 61-1-21.1(2) (LexisNexis Supp. 2017).
(continued…)

§ 61-1-21.1

¶5    Morgan first contends that under section 61-1-21.1 of the Utah Code, the Division was required to file its notice of agency action within five years of the complained-of conduct. Since briefing in this case, we issued our decision in *Phillips v. Department of Commerce*, 2017 UT App 84, 397 P.3d 863, which directly addressed the question of "whether the Act's limitation period [found in section 61-1-21.1] applied to the Division's enforcement action." *Id.* ¶ 12; *see generally* Utah Code Ann. § 61-1-21.1 (LexisNexis 2011). We determined that it did not and that the Division's action, for a violation that occurred five years and six months prior to the commencement of the enforcement proceeding, was timely. *Phillips*, 2017 UT App 84, ¶¶ 12, 15. In so determining, we relied on our reasoning in *Rogers*. *Id.* ¶ 15. Whether the person accused was a member of a certain profession or not was irrelevant to that reasoning; rather, we found it persuasive that "'an administrative disciplinary hearing is not a civil proceeding,' and an order to show cause is different in kind from a civil complaint." *Id.* (quoting *Rogers*, 790 P.2d at 105).

¶6    Because the decision in *Phillips* directly addressed section 61-1-21.1 and determined that it did not apply, Morgan's argument on this point fails. There is no factual or legal basis to distinguish the present case from *Phillips*; *Phillips* decided that administrative proceedings like the one brought by the Division in this case were not subject to that statute of limitations. We therefore conclude that the Department did not err in finding that section 61-1-21.1 did not bar the agency action against Morgan.

---

(…continued)
Because that statute did not take effect until after the Division filed its notice of agency action, it does not affect our analysis.

§ 78B-2-307

¶7    Morgan next contends that the catch-all statute of limitations, Utah Code section 78B-2-307(3), applies.[4] However, this court has previously held that this statute of limitations has no application to administrative proceedings. *See Rogers v. Division of Real Estate*, 790 P.2d 102, 105 (Utah Ct. App. 1990).[5]

¶8    Section 78B-2-102 of the Utah Code provides:

> Civil actions may be commenced only within the periods prescribed in this chapter, after the cause of action has accrued, except in specific cases where a different limitation is prescribed by statute.

Utah Code Ann. § 78B-2-102 (LexisNexis 2012). In *Rogers*, we considered the operation of this statute. There, the petitioner argued that the administrative proceeding was a civil proceeding; that Utah Code section 78B-2-102 made the panoply of statutes of limitations found in Title 78, now located in Title 78B, applicable to administrative proceedings; and that therefore the catch-all statute, section 78B-2-307(3), applied. *Rogers*, 790 P.2d at 105. We disagreed, noting that civil actions are commenced by filing a complaint or by the service of a

---

4. Section 78B-2-307(3) provides, "An action may be brought within four years . . . for relief not otherwise provided for by law." Utah Code Ann. § 78B-2-307(3) (LexisNexis 2012).

5. *Rogers* analyzed sections 78-12-1 and 78-12-25(2) of the Utah Code. We refer to the substance of these statutes by citing their renumbered counterparts, sections 78B-2-102 and 78B-2-307(3), respectively.

summons. *Id.* at 105–06 (citing Utah R. Civ. P. 3(a)).[6] But the administrative enforcement proceeding at issue in *Rogers* was commenced when the agency filed *a petition* with the administrative tribunal. *Id.* at 104; *see also Phillips*, 2017 UT App 84, ¶ 14 (reiterating the conclusion from *Rogers* that an administrative proceeding is not a civil action). We therefore determined that an administrative proceeding is not a civil action and that in the absence of specific legislative authority, the civil statutes of limitations in Title 78 are inapplicable to administrative proceedings.[7] *Rogers*, 790 P.2d at 105–06.

¶9 As in *Rogers*, the case before us is an administrative proceeding rather than a civil action. Accordingly, because section 78B-2-307(3) applies only to civil actions, and because *Rogers* previously decided that civil statutes of limitations—and

---

6. The term "action" is a defined term. "The word 'action' as used in this chapter includes counterclaims and cross-complaints and all other *civil actions* in which affirmative relief is sought." Utah Code Ann. § 78B-2-101(1) (LexisNexis 2012) (emphasis added).

7. An example of such legislative authority is highlighted in *Lorenzo v. Workforce Appeals Board*, 2002 UT App 371, 58 P.3d 873, where we held that a civil statute of limitations from Title 78 did apply to an administrative proceeding. *Id.* ¶ 9. However, in *Lorenzo*, we were reviewing the Employment Security Act, which expressly provides: "Action required for the collection of sums due under this chapter is subject to the applicable limitations of actions under Title 78, Chapter 12, Limitation of Actions." *See id.* ¶ 14 n.2 (quoting an earlier version of Utah Code Ann. § 35A-4-305 (LexisNexis 2015)). No such provision is found in the Utah Uniform Securities Act, which only underscores that, had the Utah Legislature wanted the statutes of limitations in Title 78B to apply, the legislature could have so provided.

section 78B-2-307(3) in particular—do not apply to administrative proceedings, section 78B-2-307(3) does not apply in this case. Morgan's argument that "the Department erroneously stretched *Rogers* to apply here" is not well taken.

### § 78B-2-302(3)

¶10 Finally, Morgan argues that the administrative proceeding is barred by the one-year statute of limitations that applies to "[a]n action" brought "upon a statute, or upon an undertaking in a criminal action, for a forfeiture or penalty to the state." *See* Utah Code Ann. § 78B-2-302(3) (LexisNexis Supp. 2017). While this court has not previously addressed the applicability of section 78B-2-302(3) to administrative proceedings, the reasoning of *Rogers* and *Phillips* applies. That section appears in the same chapter of our code as does section 78B-2-307(3), and its use of the word "action" thus means civil proceedings. *See id.* § 78B-2-101(1) (2012); *Rogers*, 790 P.2d at 105–06. As we have already explained, civil statutes of limitations find no application in this case. We therefore cannot agree that section 78B-2-302(3) operates to bar these proceedings.

### CONCLUSION

¶11 Because none of the suggested statutes of limitations apply in this case, the Department did not err by determining that the administrative proceeding was not time-barred. We therefore decline to disturb the Department's order.

––––––––––