**2023 UT App 35**

# THE UTAH COURT OF APPEALS

QUINTIN GRILLONE,
Petitioner,

*v.*

PEACE OFFICER STANDARDS AND TRAINING COUNCIL,
Respondent.

Opinion
No. 20210794-CA
Filed April 13, 2023

Original Proceeding in this Court

Jeremy G. Jones and Richard R. Willie,
Attorneys for Petitioner

Sean D. Reyes and Sarah Goldberg,
Attorneys for Respondent

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES RYAN D. TENNEY and JOHN D. LUTHY concurred.

ORME, Judge:

¶1 Quintin Grillone seeks judicial review of an order from the Peace Officer Standards and Training Council (the POST Council) suspending his peace officer certification for three years. He argues that this agency action was barred by the four-year catch-all statute of limitations set forth in Utah Code section 78B-2-307(3), which he asserts applied to this administrative disciplinary proceeding by virtue of Utah Code section 53-6-211(3)(c). We disagree and decline to disturb the POST Council's order.

BACKGROUND

¶2    In 2020, the Division of Peace Officer Standards and Training (POST)[1] issued a Notice of Agency Action advising Grillone of its intention to suspend or revoke his peace officer certification on the ground that he "engage[d] in conduct constituting a state or federal criminal offense" in violation of Utah Code section 53-6-211(1)(c).[2] Specifically, in a later-amended notice, POST alleged that six years earlier, in 2014, Grillone—then a police officer with the Murray Police Department—gave false or misleading information (a class B misdemeanor, *see* Utah Code Ann. § 76-8-504.6 (LexisNexis 2017)) and committed obstruction of justice (a class A misdemeanor, *see id.* § 76-8-306(1) (Supp. 2022)) when he interfered in a judicial proceeding in an effort to have his mother's traffic citation dismissed.[3] Grillone's conduct soon resulted in an internal departmental investigation and a misdemeanor charge of giving false or misleading information.

---

1. POST, operated under the auspices of the Department of Public Safety, is "the program by which law enforcement officers in Utah are trained and certified." *State v. Hulse*, 2019 UT App 105, ¶ 11 n.4, 444 P.3d 1158, *cert. denied*, 456 P.3d 389 (Utah 2019). *See* Utah Code Ann. § 53-6-205 (LexisNexis 2015).

2. At the time of the POST administrative disciplinary proceeding, the relevant provision appeared in Utah Code section 53-6-211(1)(d). The provision has since, without any substantial change, been moved to subsection (1)(c). *Compare* Utah Code Ann. § 53-6-211(1)(c) (LexisNexis Supp. 2022), *with id.* § 53-6-211(1)(d) (2015). We cite the current version of the annotated code for convenience.

3. We do not provide a detailed recounting of Grillone's alleged conduct at issue in the underlying disciplinary proceeding because it is irrelevant to the issue presented in this petition for review.

Grillone resigned from the Murray Police Department before the internal investigation was completed, and the misdemeanor charge against him was eventually dismissed.

¶3      POST did not become aware of this incident until five years later, in 2019, when Grillone applied to reactivate his peace officer certification and disclosed the dismissed misdemeanor charge as part of the application process.[4] Based on this disclosure, POST initiated an administrative disciplinary proceeding against Grillone.

¶4      Grillone moved to dismiss the disciplinary proceeding, arguing that it was barred by the four-year statute of limitations for civil actions found in Utah Code section 78B-2-307(3). He argued that the statute of limitations applied to the proceeding because POST disciplinary proceedings were "civil actions" under Utah Code section 53-6-211(3)(c). An administrative law judge (the ALJ) denied Grillone's motion, stating that section 53-6-211(3)(c) "was written to differentiate the POST proceeding from criminal proceedings" and that our Legislature's "use of the generic term 'civil actions'" in section 53-6-211(3)(c) "is an easy

---

4. Our Legislature has since amended the Peace Officer Training Certification Act to require a law enforcement agency that becomes aware of allegations that an officer violated section 53-6-211(1) to conduct an internal investigation and to report its findings to POST even if the officer in question resigned from the agency before the internal investigation could be completed. *See* Utah Code Ann. § 53-6-211(6) (LexisNexis Supp. 2022). Similarly, our Legislature has also since amended the act to require agencies to notify POST, within 30 days, "[i]f a peace officer's employment terminates during an open internal investigation regarding that peace officer and involving an alleged violation of Subsection 53-6-211(1)." *Id.* § 53-6-209(3). Had these provisions been in place in 2014, there would not have been a five-year delay in POST becoming aware of Grillone's conduct.

identifier to accomplish that differentiation." Accordingly, the ALJ reasoned that there is nothing "that would indicate that it was the intent of the legislature to designate the POST proceeding as anything other than an administrative adjudication process" and held that the statute of limitations applicable to civil lawsuits therefore did not apply to that administrative proceeding.

¶5      Following a formal hearing, the ALJ found that POST had proven by clear and convincing evidence that Grillone committed obstruction of justice. The POST Council—the entity responsible for determining officer discipline—subsequently issued an order suspending Grillone's peace officer certification for three years.

ISSUE AND STANDARD OF REVIEW

¶6      Grillone now seeks judicial review of the POST Council's order and raises a single issue for our consideration. He argues that the ALJ erred in holding that the civil statute of limitations does not apply to POST disciplinary proceedings. "Because this case presents only questions of law, we review the [POST Council's] order for correctness." *Morgan v. Department of Commerce,* 2017 UT App 225, ¶ 4 n.2, 414 P.3d 501, *cert. denied,* 417 P.3d 577 (Utah 2018). *See generally Kiernan Family Draper, LLC v. Hidden Valley Health Centers, LC*, 2021 UT 54, ¶ 22, 497 P.3d 330 ("The applicability of a statute of limitations is a question of law.") (quotation simplified); *State v. Graham*, 2011 UT App 332, ¶ 14, 263 P.3d 569 ("Questions of statutory interpretation are matters of law, which we review for correctness.").

ANALYSIS

¶7      In Utah, "[c]ivil actions may be commenced only within the periods prescribed in [Title 78B, Chapter 2], after the cause of action has accrued, except in specific cases where a different limitation is prescribed by statute." Utah Code Ann. § 78B-2-102

(LexisNexis 2018). *See generally In re Hoopiiaina Trust*, 2006 UT 53, ¶ 26, 144 P.3d 1129 (stating that, with the exception of suits brought to quiet title to real property, "all actions, whether legal or equitable, are subject to a statute of limitations in Utah"). In that vein, Utah Code section 78B-2-307(3) provides that civil actions "for relief not otherwise provided for by law" carry a four-year statute of limitations. This provision has come to be known as the "catch-all statute of limitations," and it "applies to all causes of action . . . in which affirmative relief is sought and another more specific statute of limitations does not apply." *In re Hoopiiaina Trust*, 2006 UT 53, ¶ 25 (quotation simplified). Grillone contends that the catch-all statute of limitations barred the administrative disciplinary proceeding against him because POST initiated that proceeding six years after the events giving rise to the disciplinary proceeding.

¶8    But this court previously held in *Rogers v. Division of Real Estate*, 790 P.2d 102 (Utah Ct. App. 1990), that the catch-all statute of limitations does not apply to administrative disciplinary proceedings.[5] *See id.* at 105–06. In that case, a real estate broker petitioned for judicial review of the Real Estate Commission's order revoking her real estate broker's license, *id.* at 103, arguing that the catch-all statute of limitations barred the disciplinary proceeding, *id.* at 105. We disagreed. We stated that "an administrative disciplinary hearing is not a civil proceeding" because the former is initiated when an agency files a petition with an administrative tribunal whereas the latter is initiated by filing a complaint in court or by serving a summons with the filing of the complaint to follow. *See id.* at 105–06. *See also Phillips v. Department of Commerce*, 2017 UT App 84, ¶ 14, 397 P.3d 863. Accordingly, we held "that in the absence of specific legislative

---

5. At the time, the catch-all statute of limitations was codified at Utah Code section 78-12-25(2). *See Rogers v. Division of Real Estate*, 790 P.2d 102, 105 (Utah Ct. App. 1990).

authority, civil statutes of limitations are inapplicable to administrative disciplinary proceedings." *Rogers*, 790 P.2d at 105.

¶9 Nearly two decades later, in *Morgan v. Department of Commerce*, 2017 UT App 225, 414 P.3d 501, *cert. denied*, 417 P.3d 577 (Utah 2018), this court again held that the catch-all statute of limitations did not bar administrative proceedings initiated against an individual for violation of the Utah Uniform Securities Act. *See id.* ¶¶ 1, 9. Citing *Rogers*, this court reiterated that "in the absence of specific legislative authority, the civil statutes of limitations in Title 78 are inapplicable to administrative proceedings." *Id.* ¶ 8.

¶10 Grillone argues that POST disciplinary proceedings are exempted from this general rule by virtue of Utah Code section 53-6-211(3)(c), which states—with our emphasis—that "[a]ll adjudicative proceedings under this section *are civil actions*, notwithstanding whether the issue in the adjudicative proceeding is a violation of statute that may be prosecuted criminally." Although the Peace Officer Standards and Training Act does not define "civil actions," Grillone contends that our Legislature's use of the term is "clear and unambiguous" and that "[t]he ALJ erred by injecting ambiguity into [this] otherwise clear statutory language." Grillone further argues that the definition of "action" that applies to the catch-all statute of limitations applies with equal force to section 53-6-211(3)(c). Specifically, section 78B-2-101(1) defines an "action" as, in relevant part, "all other civil actions in which affirmative relief is sought."[6]

¶11 POST counters, arguing that "the term 'civil actions' in section 53-6-211(3)(c) does not have the same meaning as in

---

6. Grillone argues that POST disciplinary proceedings satisfy this definition because POST sought affirmative relief from the POST Council and because the proceedings include active, adverse parties and "closely mirror the proceedings of a district court."

section 78B-2-102 and, despite the label, the POST disciplinary proceedings are the same types of proceedings that were at issue in *Rogers* and *Morgan*." It asserts that section 78B-2-101(1) specifically limits its definition of "action" to Title 78B Chapter 2, *see* Utah Code Ann. § 78B-2-101(1) (LexisNexis 2018) ("The word 'action' *as used in this chapter* includes . . . all other civil actions in which affirmative relief is sought.") (emphasis added), and argues that it is improper to import the definition from one section of the Utah Code to another section that serves a different purpose, *see Feldman v. Salt Lake City Corp.*, 2021 UT 4, ¶ 48, 484 P.3d 1134 ("The legislature is undoubtedly empowered to define a statutory term in different ways in different statutory schemes.") (quotation simplified). POST contends, based on the second portion of section 53-6-211(3)(c), that the purpose of the reference to "civil actions" in that section is "to distinguish the proceedings from criminal actions and to clarify that POST administrative disciplinary proceedings are civil, rather than criminal, in nature." *See* Utah Code Ann. § 53-6-211(3)(c) (LexisNexis Supp. 2022) ("All adjudicative proceedings under this section are civil actions, notwithstanding whether the issue in the adjudicative proceeding is a violation of statute that may be prosecuted criminally.").

¶12   We need not definitively resolve this debate. As *Rogers* made clear, "*specific legislative authority*" is required for civil statutes of limitations to apply to administrative proceedings. 790 P.2d at 105 (emphasis added). Accordingly, regardless of the definition of "civil actions" as used in section 53-6-211(3)(c), the threshold issue presented for review is whether section 53-6-211(3)(c) is sufficiently specific to make the four-year catch-all statute of limitations applicable to POST disciplinary proceedings. We hold that it is not.

¶13   "Because we will not alter the meaning of a statute by judicial fiat, we must try to interpret it in accordance with the legislature's intent," the best indication of which "is the statute's plain language." *Flowell Elec. Ass'n, Inc. v. Rhodes Pump, LLC*, 2015

UT 87, ¶ 34, 361 P.3d 91. "When looking at the plain language, we presume that the Legislature used each word advisedly and deem all omissions to be purposeful." *Zilleruelo v. Commodity Transporters, Inc.*, 2022 UT 1, ¶ 19, 506 P.3d 509 (quotation simplified). *See Flowell Elec.*, 2015 UT 87, ¶ 34. Accordingly, we are "not to infer substantive terms into the text that are not already there." *Zilleruelo*, 2022 UT 1, ¶ 19 (quotation simplified).

¶14 Our Legislature has, in some instances, expressly overridden the *Rogers* rule by providing specific legislative authority for statutes of limitations to apply to certain administrative proceedings. For example, the Employment Securities Act provides that an "[a]ction required for the collection of sums due under this chapter" by the Department of Workforce Services "is subject to the applicable limitations of actions under Title 78B, Chapter 2, Statutes of Limitations." Utah Code Ann. § 35A-4-305(1)(g) (LexisNexis 2019). *See Morgan*, 2017 UT App 225, ¶ 8 & n.7; *Lorenzo v. Workforce Appeals Board*, 2002 UT App 371, ¶¶ 9, 14 n.2, 58 P.3d 873. Our Legislature has also now specified that, while the Division of Real Estate may take other kinds of enforcement action outside this timeframe, "it may not issue a citation," which carries with it a monetary sanction, "after the expiration of one year after the day on which the violation occurs." Utah Code Ann. § 61-2-203(9) (LexisNexis Supp. 2022). *See id.* § 61-2-203(4), (10). Additionally, the Utah Uniform Securities Act now provides that "[a]n administrative action filed under this chapter may be commenced within 10 years after the violation occurs." *Id.* § 61-1-21.1(2) (2018). These statutes expressly impose a statute of limitations on administrative proceedings either by incorporating a statute of limitations found in Title 78B Chapter 2 or by creating an entirely new statute of limitations.

¶15 Conversely, section 53-6-211(3)(c) makes no such specific reference to any statute of limitations. Instead, it merely provides that "[a]ll adjudicative proceedings under this section are civil actions," and the purpose of this language—especially in light of

the section's later contrast of civil actions to criminal actions—is subject to debate. But even assuming that Grillone's definition of "civil actions" as used in section 53-6-211(3)(c) is correct, such a circuitous route for imposing the catch-all statute of limitations on POST disciplinary proceedings by virtue of section 78B-2-307(3), without so much as a reference to that section or to statutes of limitations more generally, cannot be said to be specific. Accordingly, section 53-6-211(3)(c) does not satisfy the "specific legislative authority" requirement of *Rogers*.

## CONCLUSION

¶16   For the foregoing reasons, the four-year catch-all statute of limitations did not apply to the administrative proceeding at issue in this petition for review.[7] We therefore decline to disturb the POST Council's order suspending Grillone's peace officer certification.

_____

_____

7. This does not mean, of course, that an agency has "unlimited time" during which to initiate administrative proceedings. *See Phillips v. Department of Commerce*, 2017 UT App 84, ¶ 15 n.4, 397 P.3d 863. Regardless of whether a statute of limitations applies, "the doctrine of laches may [still] apply in equity." *Estate of Price v. Hodkin*, 2019 UT App 137, ¶ 15, 447 P.3d 1285 (quotation simplified), *cert. denied*, 456 P.3d 388 (Utah 2019).